Henry Epstein, J.
This is an action upon a Florida judgment. The defendant, Western Beef Packing Corporation, is a Florida corporation. The remaining defendants are residents of this State. They have moved, by separate motions, for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice.
*417 A duly authenticated record of the judgment of a sister State is entitled to the enforcement it would receive in the courts of the State which rendered it (Berkman v. Ann Lewis Shops, 246 F. 2d 44). In an action upon that judgment, the jurisdiction of the court which rendered it is open to judicial inquiry. This may not be done, however, upon the basis of a complaint which attaches the record satisfactorily establishing jurisdiction and which alleges due commencement of the foreign suit and the due entry of judgment against the defendant (Rules Civ. Prac., rule 95). The Florida statute, pursuant to which service was effected and jurisdiction rested (Florida Stats., §§ 47.16, 47.30) is aldu to section 229-b of the Civil Practice Act. Defendants urge that the statute is unconstitutional and exceeds the permissible limits of jurisdiction by substituted service of summons upon nonresidents (Pennoyer v. Neff, 95 U. S. 714). However, as stated in McGee v. International Life Ins. Co. (355 H. S. 220, 222): “ a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and over nonresidents. In part this is attributable to the fundamental transformation of our national economy over the years.” (See International Shoe Co. v. Washington, 326 U. S. 310.) The Florida statute has been declared constitutional in that State (State v. Register, 67 So. 2d 619 [Fla.]). The provisions of the Florida statute and the findings contained in the record of the judgment afford the required due process by virtue of defendants’ contacts with the forum State so that maintenance of the suit there did not offend traditional notions of fair play and substantial justice. The challenge to jurisdiction, therefore, cannot succeed upon this motion.
It is denied.